VEASEY *v.* EAST TEXAS MOTOR FREIGHT LINES.

4-8299 205 S. W. 2d 188

Opinion delivered November 3, 1947.

*Fred A. Snodgrass,* for appellant.

*Donham, Fulk & Mehaffy* and *Miles & Amsler,* for appellee.

GRIFFIN SMITH, Chief Justice. Appellant was a passenger on Inter City Transit Company's Bus No. 118 en route from Little Rock to Jacksonville when it was hit by the trailer of a truck operated by East Texas Motor Freight Lines. The bus was forced off the highway and turned on its side. Appellant was injured and sued both companies. Appeal is from a directed verdict in favor of each defendant.

On direct examination appellant was asked whether "the two buses" had a collision. Her reply was, "I wouldn't call it a collision. This trailer was trying to pass the bus and the back end of the bus hit the trailer and knocked it off the highway. The bus turned over an embankment". She had previously testified that "The East Texas trailers tried to pass this bus and knocked it off the highway".

When the Court indicated the cause might be taken from the jury, appellant's attorney was allowed to present additional testimony. When appellant was asked how fast the bus was traveling she replied, "From what little I know about it, it seems like the driver was making between 30 and 35 miles an hour". She also testified that the bus was on the right side of the highway. In reply to a direction that she "give the facts", appellant said:

"The best I can tell it was just like this: a car is going 'this way' and another car comes around on 'this side', which is the left side of the [bus] and tries to pass it. That is the way this trailer was; and when [the trailer] got almost by the trailer part of the truck hit the bus . . . toward the center and knocked it off the highway. . . . The truck went on and the front end went into a ditch on the other side of the road".

Appellant, continuing her testimony, said she did not see the truck "until it hit. The man was trying to keep the bus on the highway. We looked out the window and this trailer is what we saw".

It is argued that because appellant admitted she did not see the trailer until the bus was hit it necessarily follows that she did not know how the contact occurred, hence negligence cannot be imputed. This contention failed to consider the undisputed testimony that the bus was on the right side of the highway and was proceeding at a speed approximating 35 miles per hour; that it was suddenly struck with such force that the driver "tried to keep it in the road"; that "we" looked out and saw that the trailer, after the impact, was out of control and stopped with the front end in a ditch on the opposite side of the highway.

From this evidence it does not appear that the bus driver was negligent; but certainly the jury could have found that the truck-trailer, without justifiable cause, struck the bus while it was on the right side of the highway.

Affirmed as to Inter City Transit Company; judgment reversed and cause remanded as to East Texas Motor Freight Lines.